IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY MANUEL LECHUGA,

    Petitioner,           No. CIV-07-0487 RRB KJM P

  vs.

D.K. SISTO,

    Respondents.       ORDER
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
2  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

3  After reviewing the petitioner's application for writ of habeas corpus, the court
4  finds that petitioner has failed to exhaust state court remedies with respect to claims three and
5  four.  Accordingly, the petition is mixed containing both exhausted and unexhausted claims.

6  Petitioner has two options.  Within thirty days: (1) petitioner may file an amended
7  habeas application omitting claims three and four;[2] or (2) file a request to stay this action
8  pending the exhaustion of state court remedies with respect to the unexhausted claims.
9  Petitioner is informed that to be entitled to a stay, he must show good cause for his failure to
10 exhaust earlier, and that the unexhausted claims are potentially meritorious.  Rhines v. Weber,
11 544 U.S. 269 (2005).  Petitioner's failure to comply with one of these alternatives within thirty
12 days will result in a recommendation that this action be dismissed.

13 Petitioner has requested the appointment of counsel.  There currently exists no
14 absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d
15 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
16 any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing
17 § 2254 Cases.  In the present case, the court does not find that the interests of justice would be
18 served by the appointment of counsel at the present time.

19 Accordingly, IT IS HEREBY ORDERED that:
20 1. Petitioner's request to proceed in forma pauperis is granted.
21 2. Petitioner is granted thirty days within which to inform the court how he
22 wishes to proceed with this matter by choosing one of the alternatives described above.  If

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court. In most cases, the one year limitations period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the limitations period is tolled while a properly filed application for state post-conviction or other collateral relief is pending. 28 U.S.C. § 2244(d). Petitioner is advised that at least a portion of the limitations period appears to have elapsed.

petitioner fails to so inform that court within thirty days, the court will recommend that this action be dismissed without prejudice.

       3. Petitioner's May 1, 2007 request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: October 2, 2007.

                                    U.S. MAGISTRATE JUDGE

1
lech0487.103(5.15.07)